JjMURRAY, Judge.
Defendant, Purnell Construction Co., Inc., appeals a judgment in favor of plaintiff, Gill Construction Co., Inc., in which Gill was awarded $5,000 in damages and $4,500 in attorney’s fees and costs. Gill answers the appeal seeking modification of the judgment to award the amount of damages originally sought, to increase the attorney’s fees awarded at the trial court level, and to award attorney’s fees and costs incurred in responding to the appeal. For the following reasons, we affirm in part, amend in part, and render.
FACTS:
Purnell Construction Company contracted with the Orleans Parish Sewerage & Water Board to construct an ash-drying facility. The work was to begin on May 10, 1994, and was to be completed within sixty days. The work was delayed for various reasons and Purnell was granted extensions, but ultimately the two subcontractors with whom Purnell had contracted defaulted on the contracts after doing very little work, if any. Eric Purnell, Purnell Construction’s owner, contacted Skip Gill, another contractor, “in a panic” and asked for help in completing the project. Mr. Gill and his workers began work on July 25, 1994, and 12a written contract between Purnell Construction Company and Gill Construction Company was executed on August 8.
The contract specified that Gill would provide labor only for the job. Gill would be paid for all labor costs, and would in turn pay his workers. The total cost for the entire job was $80,000. The parties differ about what occurred after the August 8 contract was signed. Mr. Purnell contracted with Hamp’s Enterprises on August 8 to tie the steel. Mr. Gill claims that Mr. Purnell hired Hamp’s to tie the steel, despite being told by Mr. Gill that he could get workers to do it. Mr. Purnell claims that Mr. Gill told him he could not tie the steel and, therefore, Mr. Purnell would have to get someone else to do it. On August 22, a second contract was entered into between Purnell Construction and Gill Construction, which added to the list of job requirements fine grading at the end of the job. All other conditions of the August 8, 1994 contract remained the same.
The job was completed sometime near the end of September or beginning of October, 1994. When he could not get Mr. Purnell to return his phone calls, Mr. Gill sent a demand letter to Mr. Purnell for the balance owed, i.e., the difference between the money already paid and the contract price.[1] When he received no payment, he filed a hen against Purnell Construction, claiming that a Sewerage & Water Board employee advised him to do so as Mr. Purnell had already been paid for the job.
*1185 | .Mr. Purnell requested Mr. Gill to withdraw the lien, but he refused. Mr. Purnell then secured a lien bond.
Mr. Gill filed suit seeking to enforce the lien, and Mr. Purnell reconvened in the lawsuit. Mr. Purnell sought to recover the funds he claimed he expended beyond the $30,000 contract price, the cost of securing the lien bond, plus attorney fees and costs.
After trial, the court rendered judgment in favor of Mr. Gill, awarding him $5,000 in damages and $4,500 in attorney’s fees and expenses. The court made the following factual findings:
1. The contract price was $30,000.
2. Mr. Purnell signed a contract with Hamp’s Enterprises to tie the steel on August 8, 1994, the same day he signed the first contract with Mr. Gill. The Hamp’s contract provided for it to supply and install steel, despite the fact that the Gill contract provided for it to install steel.
3. Originally, Mr. Gill was to pay his men from monies paid to him, by Mr. Purnell, but sometime; after August 8, Mr. Purnell began to pay ■ Mr. Gill’s workers. Mr. Purnell paid the workers at a higher wage than Mr. Gill.
4. Mr. Gill and Mr. Purnell discussed reducing the original contract price to $20,000, to allow for $10,000 in remaining labor costs to be paid by Mr. Purnell directly.
5. A second contract was signed on August 22, which was'essentially identical to the one signed on August 8.
6. The labor costs to complete the job exceeded the $10,000 estimate. Mr. Gill confronted Mr. Purnell about this, claiming that because supplies were not available to, complete the job, the men were being paid when the work could not be done.
7. Mr. Gill was paid a total of $9,073.69 for the job, although evidence demonstrated that he completed the work.
148. Mr. Purnell charged the monies he paid to Hamp’s Enterprises for labor, equipment and other jobs, against the $30,000 contract price.
9. As of August 29, the work was 85% complete, but approximately one-half of the labor costs were incurred after this date.
DISCUSSION:
In his first assignment of error, Mr. Purnell argues that the trial court improperly allowed parol evidence to vary the terms of the August 22, 1994 contract. He claims ’ that there was no testimony adduced at trial to prove that the August 22 contract was modified by an oral agreement.
Mr. Gill and Mr. Purnell both testified that the parties agreed orally that Mr. Purnell would pay Mr. Gill’s workers directly, although they disagree as to why this was done. Mr. Gill alleges that Mr. Purnell approached him sometime after the first contract was signed, requesting that he be allowed to pay Mr. Gill’s workers directly because by hiring Gill Construction, he was no longer in compliance with the minority preference requirements of his contract with the Sewerage & Water Board. Mr. Gill testified that he agreed to this change, and because Mr. Purnell would be paying the workers directly, he also agreed to reduce the total price of the contract to $20,000. At that point in time, he stated the job was 85% complete, and only $4,500 had been expended for labor thus far. Therefore, Mr. Gill believed the $10,000 reduction in the contract price was more than adequate to pay the remaining labor costs.
Mr. Purnell testified that he did approach Mr. Gill in a panic, requesting him to do the job because of the defaulting *1186 contractors. However, he denied that he and Mr. Gill ever agreed orally to modify the contract. Despite this denial, he testified that he started paying Mr. Gill’s employees directly when he discovered that they |Rwere not being paid the prevailing wage as required by the Sewerage & Water Board contract.
Mr. Purnell further testified that after he and Mr. Gill agreed on a price and the work to be performed, Mr. Gill told him that his workers could not tie the steel for the concrete work. Mr. Purnell then hired Hamp’s Enterprises to tie the steel. However, Mr. Purnell also admitted at trial that hiring Hamp’s to tie the steel allowed him to meet his minority preference requirements. This admission is substantiated by Mr. Gill’s testimony that he told Mr. Purnell he could get other workers to tie the steel, but Mr. Purnell nonetheless contracted with Hamp’s. Because the record is replete with evidence that the parties did not abide by the terms of either the August 8 or August 22 contract, we find no error in the trial court’s consideration of parol evidence.
Mr. Purnell also assigns as error the trial court’s award of damages to Mr. Gill and its failure to award him the amounts expended over and above the agreed upon contract price, plus attorney fees and costs. The argument is based on the premise that the trial court should have accepted Mr. Purnell’s version of events rather than Mr. Gill’s. It is well settled that an appeal court may not upset a trial court’s findings of fact absent manifest error.
Mr. Purnell testified that he started paying Mr. Gill’s workers because Mr. Gill was not paying them the prevailing wage as required by the Sewerage & Water Board contract. To the contrary, Mr. Gill testified that Mr. Purnell requested to pay the workers directly in order to comply with the minority preference requirements of the contract. Mr. Gill denied paying his workers incorrect wages. Based on our reading of the testimony, it appears that the discrepancy arose because Mr. Gill classified his workers differently than Mr. | fiPurnell. For example, Mr. Gill classified some men as laborers, whereas Mr. Pur-nell classified them as carpenters or cement finishers. Regardless of how the men were classified, the trial court, based on the reasons for judgment, accepted Mr. Gill’s testimony that because the job was 85% complete when he agreed to let Mr. Purnell pay his workers, the remaining cost of labor should have been no more than $10,000. The trial court’s decision to credit the testimony of Mr. Gill over that of Mr. Purnell was not manifestly erroneous, and, we, therefore do not find manifest error in the trial court’s awarding damages to Mr. Gill.
However, the trial court erred in awarding only $5,000, rather than the full amount sought in the hen, to Mr. Gill. Mr. Gill testified that he filed his lien application seeking to recover the difference between what he had already been paid by Mr. Purnell, $9,073.69, and $20,000, the modified price to which he believed he and Mr. Purnell had agreed. The trial court made the factual finding that Mr. Gill completed the entire job as provided for in the contract, but was not paid the entire contract amount. The court also made the factual finding that the contract price was $30,000, based on the copy of the August 22 contract attached to the lien affidavit. We find the award of $5,000 in damages to be inconsistent with the findings of fact. Mr. Gill has answered the appeal requesting that the award be increased to the amount originally sought. We thus amend the judgment to increase the award of damages to $10,926.31, the amount secured by the lien.
Mr. Purnell’s third assignment of error is that the trial court erred in award *1187 ing attorney fees to Mr. Gill pursuant to La.Rev.Stat. 38:2246, because he was not awarded the full amount sought in the lien. This claim has merit.
Louisiana Revised Statute 38:2246 provides for the award of attorney’s fees in suits involving public works contracts. The statute specifically provides that l7“any claimant recovering the full amount of his recorded or sworn claim whether by concursus proceeding or separate suit, shall be allowed ten percent attorney’s fees which shall be taxed in the judgment on the amount recovered.” The trial court awarded Mr. Gill attorney’s fees of $4,500. It was error for the trial court to do so because the full amount of his claim was not recovered. However, because we are amending the judgment to award the full amount of the lien, Mr. Gill is entitled to an award of attorney’s fees equal to ten percent of the amount recovered. We thus amend the award of attorney’s fees to $1,092.63.[2]
Mr. Purnell also claims that the trial court erred in failing to award him attorney’s fees pursuant to La.Rev.Stat. 38:2246 and the subcontract between the parties. However, Mr. Purnell was not successful in his suit against Mr. Gill, and the trial court did not find Mr. Gill’s claim to be in bad faith or without just cause; therefore, Mr. Purnell is not entitled to statutory attorney’s fees.
For the foregoing reasons, we amend the judgment to award damages in the amount of $10,926.31, and amend the award of attorney’s fees to $1,092.63. In all other respects the judgment of the trial court is affirmed.
AFFIRMED IN PART; AMENDED IN PART, AND RENDERED.

. Mr. Gill testified that he believed the contract had been modified by oral agreement and that the new contract price was $20,000. However, the second contract, signed on August 22, still included a $30,000 price.

. The trial court judgment awarded attorney's fees and costs; however, La.Rev.Stat. 38:2246 does not provide for an award for costs, nor does it provide for attorney’s fees on appeal. We therefore decline to make awards for costs or attorney's fees on appeal.